# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN M. AGUILAR LUA,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Respondents. | Case No. 1:25-cv-00156-KES-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF MANDAMUS |

Petitioner Juan M. Aguilar Lua is a state prisoner proceeding *pro se* with a petition for writ of mandamus. For the reasons stated herein, the undersigned recommends that the petition be dismissed.

## I.

## DISCUSSION

The federal mandamus statute provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "An order pursuant to § 1361 is available only if (1) the claim is clear and certain; (2) the official's or agency's 'duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt'; and (3) no other adequate remedy is available." Agua Caliente Tribe of Cupeno Indians of Pala Rsrv. v. Sweeney, 932 F.3d 1207, 1216 (9th Cir. 2019) (quoting Patel v. Reno, 134 F.3d 929, 931 (9th Cir. 1997)).

1    "The writ of mandamus is a 'drastic and extraordinary' remedy 'reserved for really

2    extraordinary causes.'" In re Van Dusen, 654 F.3d 838, 840 (9th Cir. 2011) (quoting Ex parte

3    Fahey, 332 U.S. 258, 259–60 (1947)). See Gulfstream Aerospace Corp. v. Mayacamas Corp.,

4    485 U.S. 271, 289 (1988) ("This Court repeatedly has observed that the writ of mandamus is an

5    extraordinary remedy, to be reserved for extraordinary situations.").

6    Here, Petitioner seeks a writ of mandamus to compel Respondents to deport Petitioner

7    back to his birth country, purportedly in accordance with an executive order issued on January

8    20, 2025. (ECF No. 1 at 11.[1]) However, Petitioner is currently incarcerated at the Avenal State

9    Prison in the custody of the State of California, (ECF No. 1 at 5), and "the Attorney General may

10   not remove an alien who is sentenced to imprisonment until the alien is released from

11   imprisonment," 8 U.S.C. § 1231(a)(4)(A). Further, the statute explicitly states that "[n]o cause or

12   claim may be asserted under this paragraph against any official of the United States or of any

13   State to compel the release, removal, or consideration for release or removal of any alien." 8

14   U.S.C. § 1231(a)(4)(D). "It is well-settled that Petitioner does not have a private right of action

15   to compel the Attorney General to remove him from the United States before he completes his

16   criminal sentence." Foster v. U.S. Dep't of Homeland Sec., No. CV 19-05715-PHX-JAT (DMF),

17   2020 WL 3451993, at *1 (D. Ariz. June 23, 2020) (collecting cases). See United States v.

18   Aispuro, 127 F.3d 1133, 1134 (9th Cir. 1997) (per curiam) ("The district court lacked

19   jurisdiction to order Aispuro deported because the United States Attorney did not request

20   Aispuro's deportation.").

21   The extraordinary remedy of mandamus is not available in the instant case because "the

22   Attorney General may not remove an alien who is sentenced to imprisonment until the alien is

23   released from imprisonment," 8 U.S.C. § 1231(a)(4)(A), and "Petitioner does not have a private

24   right of action to compel the Attorney General to remove him from the United States before he

25   completes his criminal sentence," Foster, 2020 WL 3451993, at *1.

26   ///

27   ///

28   ───────────────

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

## II.

## RECOMMENDATION AND ORDER

Based on the foregoing, the undersigned HEREBY RECOMMENDS that the petition for writ of mandamus be DISMISSED for lack of jurisdiction.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**May 13, 2025**__          /s/ _Erica P. Grosjean_
                                                    UNITED STATES MAGISTRATE JUDGE